**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**EASTERN DIVISION**

| | |
|---|---|
| **PRICARE, P.A., and TEMPLE**<br>**MEICAL CLINIC, P.C.,**<br><br>     **Plaintiffs,**<br><br>**v.**<br><br>**STERICYCLE, INC., et al.,**<br><br>     **Defendant.** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)    **CIVIL ACTION NO.:**<br>)    **3:18-CV00672-GMB** |

**DEFENDANT STERICYCLE, INC.'S**
**<u>MOTION TO DISMISS COUNTS I–IV & VI</u>**

    Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendant Stericycle, Inc. moves to dismiss Counts I–IV and VI of the Complaint filed by Plaintiffs PriCare, P.A. and Temple Medical Clinic, P.C. In further support of this Motion, Stericycle shows as follows:

**<u>INTRODUCTION</u>**

    This is a breach of contract case. Indeed, the crux of Plaintiffs' Complaint is that they each entered into "flat fee" contracts with Stericycle which provided that "Stericycle may increase the monthly or quarterly flat fee only under limited conditions during the term of the contract," and that "[d]espite these limitations under which Stericycle may increase its fees, Stericycle has engaged in a systematic and deliberate practice of raising its fees" for reasons other than those set forth in the contracts. (*See* Doc. 1, Ex. A at ¶¶ 20–22 [hereinafter "Compl."].) Although Stericycle maintains that the amounts charged under its contracts with PriCare

and Temple were proper, Stericycle acknowledges that the Plaintiffs have at least stated a claim for breach of contract, and thus Stericycle has not moved to dismiss that cause of action (Count V). But Plaintiffs attempt to stretch these facts much further, also asserting claims for a purported violation of the Illinois Consumer Fraud Act ("ICFA"), 815 ILCS § 505/1 et seq. (Count I), fraud (Counts II–IV) and unjust enrichment/money had and received (Count VI). All of these claims fail as a matter of law.

The Plaintiffs' claim under the ICFA is due to be dismissed for three reasons: (1) the Act applies only to deception concerning the product or service itself—not misrepresentation of an intent to not abide by a contract; (2) the Act does not protect non-Illinois residents concerning non-Illinois transactions; and (3) the claim is time-barred. Similarly, the Plaintiffs fail to state a claim for any of the three types of fraud alleged—inducement (Count II), misrepresentation (Count III), and suppression (Count IV)—because a breach of contract does not constitute fraud, these claims are not pled with the particularity required by Rule 9(b), Fed. R. Civ. P., and the claims are time-barred. And because Plaintiffs allege the existence (and breach) of an express contract, they cannot maintain a claim for unjust enrichment.

## LEGAL STANDARD

### A.   To survive a Rule 12(b)(6) motion, the Plaintiffs must plead facts that state a plausible claim for relief.

To avoid Rule 12(b)(6) dismissal, a complaint must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although a Court

must take the allegations pleaded in a complaint as true, the Court is not required to accept as true a plaintiff's "unwarranted deductions of fact" or legal conclusions. *See Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1260 (11th Cir. 2009) (citing, *inter alia*, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)); *see also Oxford Asset Mgmt. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002) (finding the court is not required to accept "conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts"). "A Complaint may be dismissed if the facts as pled do not state a claim for relief that is plausible on its face." *Sinaltrainal*, 578 F.3d at 1260.

### B. Under Rule 9(b), the Plaintiffs must allege the who, what, when, and where of the allegedly fraudulent statements.

"Rule 9(b) requires that '[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity.'" *Bush v. J.P. Morgan Chase Bank, N.A.*, No. 2:15-CV-00769-JEO, 2016 WL 324993, at *10 (N.D. Ala. Jan. 27, 2016) (quoting Fed. R. Civ. P. 9(b)). "To satisfy Rule 9(b), a complaint must set forth (1) precisely what statements were made in what documents or oral misrepresentations or what omissions were made, and (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same, and (3) the content of such statements and the manner in which they misled the plaintiff, and (4) what the defendants obtained as a consequence of the fraud." *Id.* (citation omitted).

## ARGUMENT AND AUTHORITY

Here, the failure of the Plaintiffs' ICFA, fraud, and unjust enrichment claims is apparent on the face of the Complaint. Because no set of facts would allow the Plaintiffs to prevail on these claims, they are due to be dismissed.[1]

**I. The Plaintiffs' claim under the ICFA is due to be dismissed because (1) the Act does not apply to the conduct complained of, (2) Plaintiffs lack standing under the ICFA, and (3) the claim is untimely.**

The Plaintiffs' ICFA claim in Count I is deficient for three separate and independent reasons, any one of which requires dismissal. First, the Plaintiffs' ICFA claim fails as a matter of law because it is based on a breach of contract. Second, the Plaintiffs lack standing to bring an ICFA claim because, as the Plaintiffs themselves allege, the events and alleged omissions at issue occurred in Tallapoosa County, Alabama, removing them from the extraterritorial reach of the ICFA. And third, Plaintiffs' ICFA claim is time-barred.

**A. Neither breach of contract nor fraudulent inducement to enter a contract are the type of deceptive practices to which the ICFA applies.**

Under Illinois law, the breach of a contract, without more, is not actionable under the ICFA. *Avery v. State Farm Mut. Auto. Ins. Co.*, 835 N.E.2d 801, 844 (Ill. 2005). "Consumer fraud or deception must be something more than simply a failure to fulfill contractual obligations—for that type of 'misrepresentation' occurs every time a defendant breaches a contract." *Id.* (quoting *Zankle v. Queen Anne*

---

[1] For purposes of this Motion only, Stericycle accepts the allegations of the Complaint as true, as it must on a motion to dismiss. *See Hoffman-Pugh v. Ramsey*, 312 F.3d 1222, 1225 (11th Cir. 2002). Stericycle contests the factual allegations of the Complaint.

*Landscaping*, 724 N.E.2d 988, 993 (2000)). "This principle has been applied by Illinois courts in myriad circumstances." *Shaw v. Hyatt Int'l Corp.*, 461 F.3d 899, 901–02 (7th Cir. 2006); *see also M. W. Widoff, P.C. v. Encompass Ins. Co.*, No. 10 C 8159, 2012 WL 769727 at *3 (N.D. Ill. March 2, 2012) (citing *Connick v. Suzuki Motor Co.*, 675 N.E.2d 584, 594–95 (Ill. 1997), *Pappas v. Pella Corp.*, 844 N.E.2d 995, 998–99 (Ill. App. Ct. 2006), and *Perona v. Volkswagen of Am. Inc.*, 684 N.E.2d 859, 866 (Ill. App. Ct. 1997)).

The allegations here are insufficient to state a claim under the ICFA because the only "deception" alleged is that Stericycle raised its prices in violation of its contracts. *See Greenberger v. GEICO Gen. Ins. Co.*, 631 F.3d 392, 399 (7th Cir. 2011) ("[A] deceptive act or practice involves more than the mere fact that a defendant promised something and then failed to do it" because "[t]hat type of 'misrepresentation' occurs every time a defendant breaches a contract." (quotations and citations omitted)). When allegations are "nothing more than restatements of the claimed breach of contract, albeit using the language of fraud," they are properly dismissed. *Id.*

As noted in *M.W. Widoff,* a plaintiff can state a claim under the ICFA when it alleges a "misrepresentation[] about the product[] [itself] and ***not about any intent to honor a promise*** in the underlying contract." *M. W. Widoff,*, 2012 WL 769727 at at *3 (emphasis added); *Connick*, 675 N.E.2d at 594–95 (holding that plaintiff stated a claim for violation of the ICFA by alleging that Suzuki misrepresented the extent of passenger protection to *Car and Driver* magazine and concealed

5

information about safety risks); *Pappas*, 844 N.E.2d at 999–1000 (holding that plaintiff stated an ICFA claim by alleging that Pella knew that its windows leaked water but failed to disclose these facts); *Perona*, 684 N.E.2d at 867 (reversing dismissal of ICFA claim based on Audi's alleged concealment of safety defects regarding the Audi 5000). After examining the holdings in *Connick*, *Pappas*, and *Perona*, the *M.W. Widoff* court held that the plaintiffs' claim in that case was merely for breach of contract, not a violation of the ICFA. The court explained that while the plaintiffs had alleged the concealment of an intent not to honor a promise to pay reasonable medical expenses, the "plaintiffs d[id] not allege a fraud related to the product itself."[2] *Id.* Stated more simply, the Court dismissed the ICFA claims because "[t]he crux of Plaintiffs' Complaint is thus that the Defendants promised to pay reasonable medical expenses and then failed to do so. The fraud, misrepresentation, or concealment alleged by the Plaintiffs ***concerns only the alleged means employed by the Defendants to avoid keeping their promises***." *Id.* at *4 (emphasis added).

The ICFA claim in this case is due to be dismissed for the same reason: the crux of Plaintiffs' Complaint is that Stericycle promised that it would "increase the

---

[2] *See also Avery*, 835 N.E.2d at 844 (holding that purported nationwide ICFA class action claim could not be based on a mere contractual promise to restore vehicles to a "pre-loss condition" or to use parts of "like kind or quality," because the "deceptive act must involve something more than the promise to do something and a corresponding failure to do it"); *Shaw*, 461 F.3d at 901-02 (holding that plaintiffs' allegation that Hyatt hotel failed to honor a $502 room rate offered on its Website was nothing more than an unfulfilled contractual promise rather than a consumer fraud claim, and motion to dismiss was properly granted); *Sklodowski v. Countrywide Home Loans, Inc.*, 832 N.E.2d 189, 196-97 (Ill. App. Ct. 2005) (rejecting consumer fraud act claim based on failure to "promptly" return escrow funds as promised in contract).

monthly or quarterly flat fee only under limited conditions during the term of the contract: [quoting contract term]," but "[n]one of Stericycle's price increases has been proper or justified under Stericycle's contract[s] with [Plaintiffs]." (Compl., ¶¶ 21, 46, 55.) The fraud, misrepresentation, or concealment alleged by the Plaintiffs concerns the alleged failure to limit price increases to the enumerated reasons—or to disclose that it intended to increase prices for reasons not enumerated—and not the failure to perform the services set forth in the contracts.

### B.   Plaintiffs do not have standing to pursue claims under the ICFA.

As a general rule, plaintiffs from outside Illinois cannot sue under the ICFA. *See Crichton v. Golden Rule Ins. Co.*, 576 F.3d 392, 396 (7th Cir. 2009). However, Illinois courts have allowed out-of-state plaintiffs to sue under the ICFA when the "circumstances that relate to the disputed transaction occur[red] ***primarily and substantially in Illinois***." *Avery v. State Farm Mut. Auto Ins. Co.,* 835 N.E.2d 801, 852–53 (Ill. 2005) (emphasis added). Here, the Plaintiffs themselves allege that the conduct underlying this action occurred in Tallapoosa County, Alabama.

> Pursuant to ALA CODE §§ 6-3-7 and 12-12-30, this judicial district is the proper jurisdiction and venue for this action because a ***substantial part of the events or omissions giving rise to the claim occurred in Tallapoosa County*** and the matter in controversy exceeds $10,000, exclusive of interests and costs. ***Plaintiff is physically located in this county and entered into contracts with Stericycle in this county***….

(Compl. ¶ 9) (emphases added.)

The ICFA has no application here. The Plaintiffs are located in Tallapoosa County, they entered into contracts with Stericycle in Tallapoosa County, Stericycle performed under those contracts in Tallapoosa County, the Plaintiffs received their bills in Tallapoosa County, and a substantial part of the allegedly deceptive acts took place in Tallapoosa County, *Alabama*. (Compl., ¶ 9, 32–38, 40 (emphasis added).) Indeed, paragraph 9 of the Complaint mirrors the language of the ICFA's standing test—where did the events principally and substantially take place? Instead of alleging that the events principally and substantially took place in Illinois, the Plaintiffs allege they took place in Tallapoosa County, Alabama.

In an effort to avoid dismissal, the Plaintiffs allege that their contracts are governed by Illinois law, that the contracts "originated" from Stericycle's offices in Illinois, that Stericycle sent them invoices from Illinois, and that Stericycle's billing practices were established in Illinois. (Compl., ¶¶ 16–18, 23.) These very same allegations have been held to be insufficient to confer standing under the ICFA. In *Morrison v. YTB International, Inc.*, No. CIV 08-565-GPM, 2010 WL 1558712, (S.D. Ill. Apr. 19, 2010), home-based travel agents alleged the defendant had fraudulently induced them to join a pyramid scheme. In an effort to connect their case to Illinois, the plaintiffs alleged that all communications emanated from Illinois, login and password credentials for each travel agent were issued from Illinois, the agents' commissions were paid from Illinois, requests for refunds were made to Illinois, and agents were directed to contact the defendant's Illinois headquarters with questions or to terminate their relationship. *See id.* at *4. Further, the agents' contracts were

8

drafted in Illinois, contained an Illinois choice of law clause, and provided that any arbitration related to the contract would occur in Illinois. *See id.* Nonetheless, the *Morrison* court dismissed the plaintiffs' complaint, explaining that the Illinois Supreme Court has "rejected the notion that an allegation that a defendant was headquartered in Illinois or that its deceptive practices flowed from Illinois were sufficient to assert a claim." *Id.* This Court should do the same. *See also Crichton v. Golden Rule Ins. Co.*, 576 F.3d 392, 397 (7th Cir. 2009) (no standing when defendant maintained home office in Illinois from which it issued the insurance policies in question); *Phillips v. Bally Total Fitness Holding Corp.*, 865 N.E.2d 310, 315 (2007) ("The fact that a scheme to defraud was disseminated from a company's headquarters in Illinois is insufficient."); *Pirelli Armstrong Tire Corp. v. Walgreen Co.*, No. 09C2046, 2009 WL 2777995, at *5 (N.D. Ill. Aug. 31, 2009) ("Without alleging that any transactions actually occurred in Illinois, however, [the plaintiff's] claim that a fraudulent scheme originated at a corporate headquarters in Illinois is insufficient to bring [the plaintiff], an out-of-state resident, within the ambit of the ICFA.")

### C.   Plaintiffs' claims under the ICFA are untimely.

The statute of limitations for an ICFA claim is three years. *See* 815 Ill. Comp. Stat. 505/10a(e) (2010). PriCare alleges that it entered into a "fixed rate contract" with Stericycle in March 2008, after which Stericycle provided waste removal services and sent invoices on a monthly basis. (Compl., ¶¶ 33–34, 40.) According to the Complaint, "[b]y late 2010, Stericycle was consistently billing PriCare for nearly $200 per month, an increase of more than 80% in two short years[,]" and "[t]his

would turn out to be just the beginning of Stericycle's fraudulent business practices." (Compl., ¶ 42.) Nevertheless, "[i]n December 2010, PriCare executed a second agreement with Stericycle" that contained the same terms regarding pricing. (Compl., ¶ 43.) Thus, by the time it executed a new contract with Stericycle in 2010 (at the latest), PriCare knew that it was not paying the "fixed rate" allegedly set by the 2008 contract. Nonetheless, it waited ***another 8 years*** before bringing suit.

Similarly, Temple first contracted with Stericycle in or before June 2010, but by June 2012 Stericycle was charging "a more than 40% increase in just two years." (Compl., ¶¶ 48–49.) Nonetheless, Temple, waited ***another 6 years*** before bringing suit. *See Sexton v. Liberty Nat. Life Ins. Co.*, 405 So. 2d 18, 21 (Ala. 1981) ("[W]hen [plaintiff] was paid only 60% of the surgical charge in 1975, and only 60% of the hospital expenses in 1977, she had sufficient facts to require her to investigate further, which would have enabled her to learn of the alleged fraud. A simple mathematical calculation would have revealed to Mrs. Sexton that she was not paid 80%, as she says was promised by Johnson."); *Bourgeois v. Hughes*, 55 So. 3d 1195, 1203 (Ala. Civ. App. 2010) (plaintiff could have discovered fraud from reading terms of the contract).

## II.   Each of the Plaintiffs' fraud claims fails as a matter of law.

The Alabama Supreme Court has observed the tendency of plaintiffs to allege fraud in actions that arise from contract in order to claim punitive damages. *Exxon Mobil v. Alabama*, 986 So. 2d 1093, 1117 (Ala. 2007). ("The prohibition against punitive damages for breach of contract . . . often results in framing complaints as asserting fraud so that punitive damages will be available. This case is such a case,

10

and the fraud claim has overshadowed the actual cause of action, which sounds in contract.") (finding no fraud and reversing an award for punitive damages). This case is a classic example of that common approach.

Here, the Plaintiffs each entered into (multiple) written contracts with Stericycle that contained a specific provision regarding the price to be charged. (Compl., ¶ 40, 48.) In addition to alleging that Stericycle breached the contracts by increasing the price for reasons impermissible reasons, Plaintiffs endeavor to drastically expand the scope of this dispute by alleging that Stericycle falsely represented that it would abide by the terms of the contracts in order to have Plaintiffs sign the agreements (Count II – Fraudulent Inducement), misrepresented the basis for price increases in the contracts (Count III – Fraud-Automated Price Increases), and failed to disclose "that it would impose automatic price increases and that Plaintiffs' costs would actually be significantly more than that amounts set forth in the contracts" (Count IV – Fraudulent Suppression). This Court should not entertain such creative pleading, and should instead dismiss each of these fraud claims for the reasons set forth below.

### A. Plaintiffs fail to state claims for Fraudulent Inducement (Count II) and Fraud-Automated Price Increases (Count III) because a breach of contract does not give rise to a claim for fraud.

In Count II of their Complaint, Plaintiffs allege that Stericycle made false representations "as to the fee structure by which it would charge Plaintiffs for services[.]" (Compl., ¶ 66.) Similarly, Plaintiffs allege in Count III that Stericycle "made false representations as to the automated price increases and other material

elements of the Steri-Safe contract as described above." (Compl., ¶ 70.) It is well settled that facts showing nothing more than a breach of a contract, or bad-faith performance, do not state a claim for fraud. *See Gardner v. MGC Mortg., Inc.*, No. 2:12-CV-131-WKW, 2013 WL 800741, at *2 (M.D. Ala. Mar. 4, 2013) ("If [defendant] broke a contractual promise it made to [the plaintiff], her remedy is an action for breach of that contract, not an action for fraud."); *Jenkins v. State Farm Fire & Cas. Co.*, No. 2:11-CV-350-WKW, 2011 WL 3359996, at *2 (M.D. Ala. Aug. 4, 2011) ("However, 'a mere failure to perform a contract obligation is not a tort, and it furnishes no foundation for an action on the case.'") (quoting *C & C Prods., Inc. v. Premier Indus. Corp.,* 290 Ala. 179, 275 So.2d 124, 130 (Ala. 1974)) (internal alterations omitted)); *Brown–Marx Assocs., Ltd. v. Emigrant Savs. Bank,* 703 F.2d 1361, 1370–71 (11th Cir. 1983) ("A mere breach of a contractual provision is not sufficient to support a charge of fraud.") (applying Alabama law); *Pearson's Pharmacy, Inc. v. Express Scripts, Inc.*, 505 F. Supp. 2d 1272, 1276 (M.D. Ala. 2007) ("A mere breach of a contractual provision is not sufficient to support a charge of fraud"). "Where, as here, the gravamen of the fraud alleged is that the defendant misrepresented its performance of the contract, 'the fraud is interwoven with the breach of contract and the misrepresentations related to the breaching party's performance do not give rise to an independent cause of action in tort.'" *Norfolk S. Ry. Co. v. Boatright R.R. Prod., Inc.* No. 2:17-CV-01787-AKK, 2018 WL 2299249, at *12 (N.D. Ala. May 21, 2018) (quoting *Dickinson v. Land Developers Const. Co.*, 882 So. 2d 291, 305 (Ala. 2003) (Houston, J., concurring)) (internal alterations omitted);

12

*Gardner*, 2013 WL 800741, at *2 ("[I]t is clear that to assert a fraud claim that stems from the same general facts as one's breach-of-contract claim, the fraud claim must be based on representations independent from the promises in the contract and must independently satisfy the elements of fraud.") (quoting *Dickinson,* 882 So. 2d at 304 (Houston, J., concurring)).

Here, Counts II and III are based on the terms of the Plaintiffs' contracts.[3] They allege that Stericycle made representations regarding the "fee structure" in its contract, (Compl., ¶ 67), including the "when, why, and by how much" it would adjust prices as well as the existence of "automated price increases." (Compl., ¶¶ 67, 70–71.) When the phrase "made false representations" is properly read as "breached the contractual provision," there remains nothing but an alleged broken promise to provide waste disposal services at fixed price that will only increase under certain circumstances. Thus, the unspecific "representations" alleged by the Plaintiffs are not independent of Stericycle's contractual promises. *See Pearson's Pharmacy, Inc.*, 505 F. Supp. 2d at 1276 (fraud claim failed because only fraud alleged was a written misrepresentation in a contract). Accordingly, Counts II and III fail to state aclaim.

## B.    Counts II and III are also due to be dismissed because they are not pled with the particularity required by Rule 9(b).

Federal Rule of Civil Procedure 9(b) requires that "[i]n alleging fraud . . ., a party must state with particularity the circumstances constituting fraud . . . ." Fed. R. Civ. P. 9(b). That means that Plaintiffs must allege "(1) precisely what

---

[3] To the extent that Count IV alleges that the Plaintiffs relied on representations "in entering into . . . its business relationship with Stericycle," it would also fail to state a claim for the reasons stated in this paragraph.

13

statements were made in what documents or oral misrepresentations or what omissions were made, and (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same, and (3) the content of such statements and the manner in which they misled the plaintiff, and (4) what the defendants obtained as a consequence of the fraud." *Bush*, 2016 WL 324993, at *10 (citation omitted); *Cooper v. Blue Cross & Blue Shield of Fla., Inc.*, 19 F.3d 562, 567 (11th Cir. 1994) (explaining that plaintiff "must include facts as to time, place, and substance of the defendant's alleged fraud").

Here, Plaintiffs allege that Stericycle made "false representations" about the terms of their contracts. (Compl., ¶¶ 67–72.) The Complaint is devoid of any allegations about the time the representations were made, who made them, where they were made, and their content. Thus, Counts II and III fail Rule 9(b). *See Lawrie v. Ginn Dev. Co., LLC*, 656 F. App'x 464, 474 (11th Cir. 2016) ("Rule 9(b) requires more than an allegation that a misrepresentation was made; it requires a plaintiff to identify with precision what the misrepresentation actually was."); *Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 791 (11th Cir. 2016) (affirming dismissal when plaintiff "failed to allege the time, place, and person responsible for the statements, [and] the[ir] content . . ."); *Nero v. Mayan Mainstreet Inv 1, LLC*, 645 F. App'x 864, 868 (11th Cir. 2016) (affirming dismissal because the plaintiff "never stated with particularity what [the allegedly fraudulent] communications said, when they occurred, or the people involved"); *Hearn v. Int'l Bus. Machines*, 588

14

F. App'x 954, 957 (11th Cir. 2014) (affirming dismissal because, although plaintiff "repeatedly stated that employees of IBM 'made materially false representations' that they knew would be 'injurious' to her, she never stated *with particularity* precisely which representations were false and how she acted in reliance on them. She failed even to state a 'time' and 'place' that the allegedly false statements were made, let alone their 'content.'")

### C. The Plaintiffs' Fraudulent Suppression claim (Count IV) fails because Stericycle never had a duty to speak, the allegations are not pled with particularity, and it is based on a simple breach of contract.

In Alabama, a fraudulent suppression claim fails as a matter of law when the defendant had no duty to speak. *See, e.g.*, *Bethel v. Thorn*, 757 So. 2d 1154, 1162 (Ala. 1999) (quoting *Booker v. United Am. Ins. Co.*, 700 So. 2d 1333, 1339 n.10 (Ala. 1997)). In an arms' length, commercial transaction, the parties have no duty to disclose any facts absent specific and direct questions from the other party. *See Freightliner, L.L.C. v. Whatley Contract Carriers, L.L.C.*, 932 So. 2d 883, 892 (Ala. 2005); *Shutter Shop, Inc. v. Amersham Corp.*, 114 F. Supp. 2d 1218, 1225 (M.D. Ala. 2000) (calling this a "bright line rule"). "[A] judge should decide whether, assuming as truth all of the plaintiff's factual assertions, they are sufficient to give rise to a legal duty." *State Farm Fire & Cas. Co. v. Owen*, 729 So. 2d 834, 840 (Ala. 1998).

Here, the Plaintiffs never allege that they asked Stericycle any questions. (Compl., 73.) Thus, Stericycle never had a duty to disclose anything. Nor can the Plaintiffs point to any general allegations of the Complaint as creating a duty to disclose. Because they allege no facts giving rise to any duty to disclose by

Stericycle, the Plaintiffs' suppression claim fails as a matter of law. *See Pearson's Pharmacy, Inc. v. Express Scripts, Inc.*, 505 F. Supp. 2d 1272, 1278 (M.D. Ala. 2007) (dismissing fraudulent suppression claim because the plaintiffs failed to "point to a specific question that was directly asked of the defendant, [or] the answer to which the defendant misrepresented"). For the same reasons, the Plaintiffs allegation in Count II that Stericycle had a duty to truthfully represent the fee structure in the Stericycle contract, (Compl., ¶ 66), should be disregarded.

Separately and independently, the Plaintiffs' suppression claim fails because it is based on a mere breach of the terms of the Parties' contract. There is no dispute that the contract allowed Stericycle to raise its prices. (*See* Compl., ¶ 16.) The Plaintiffs contend that Stericycle suppressed the reasons for its price increases. At bottom, however, they are arguing that Stericycle breached the price-increase provision of their respective contracts. (Compl., ¶ 75.) But mere non-performance is not evidence of intent. *Campbell v. Naman's Catering, Inc.*, 842 So. 2d 654, 658 (Ala. 2002) (quoting *Padgett v. Hughes*, 535 So. 2d 140, 142 (Ala. 1988) ("If [failure to perform] were [evidence of fraud], the mere breach of a contract would be tantamount to fraud."). For this separate and independent reason, the fraudulent suppression claim fails.

### D. Plaintiffs' fraud claims are barred by the two-year statute of limitations.

Plaintiffs' fraud claims are subject to a two-year statute of limitations. *Davant v. United Land Corp.*, 896 So. 2d 475, 490–91 (Ala. 2004) ("[C]laims alleging fraudulent suppression are subject to a two-year statute of limitation[, and]

[t]he limitations period begins to run when the plaintiff was privy to facts which would provoke inquiry in the mind of a person of reasonable prudence, and which, if followed up, would have led to the discovery of the fraud.") (internal quotation omitted) (citing *Foremost Ins. Co. v. Parham*, 693 So. 2d 409, 417 (Ala. 1997) (citing in turn *Ala. Code* 1975, § 6-2-38(l))). While Alabama recognizes the discovery rule, the statute of limitations will still begin to run "once the fraud is readily discoverable or the potential plaintiff is on notice that a fraud may have been perpetrated." *See Wallace v. SunTrust Mortg., Inc.*, 974 F. Supp. 2d 1358, 1365 (S.D. Ala. 2013). Important here, the Plaintiffs bear the burden of alleging specific facts showing that they are entitled to the discovery rule. *Waldrup v. Hartford Life Ins. Co.*, 598 F. Supp. 2d 1219, 1226 (N.D. Ala. 2008) ("When, as in this case, the plaintiff's complaint on its face is barred by the statute of limitations, the complaint must also show that he or she falls within the savings clause of § 6–2–3.") (quoting *Miller v. Mobile County Board of Health,* 409 So.2d 420, 422 (Ala.1981)); *Weaver v. Nat'l Better Living Ass'n, Inc.*, No. 4:13-CV-2112-VEH, 2014 WL 12614481, at *13 (N.D. Ala. July 3, 2014) ("In fraud cases based on Alabama law, the burden is on the plaintiff to show, in the complaint, that she falls within the savings clause.")

As discussed above, PriCare first contracted with Stericycle in 2008. PriCare alleges that this was a fixed price contract that allowed price increases in only limited situations. (Compl., ¶ 16, 40–42.) PriCare further alleges that Stericycle's prices have consistently increased since that time. (Compl., ¶¶ 42–44.) Thus, under

Alabama law, PriCare has been on inquiry notice of the alleged fraud since at least 2009. *See Sexton*, 405 So. 2d at 21; *Bourgeois*, 55 So. 3d at 1203 (plaintiff could have discovered fraud from reading terms of the contract). Nonetheless, PriCare maintained its relationship with Stericycle for years thereafter, event entering into new contracts containing the same pricing terms. (Compl., ¶ 44.) Similarly, Temple first contracted with Stericycle in 2010. (Compl., ¶ 48.) By June 2012, Temple's prices had increased by more than 40%. Moreover, Temple terminated its contract with Stericycle in April 2016. (Compl., ¶ 52.) Temple did not file this lawsuit until July 9, 2018, more than two years after it terminated its contract. Accordingly, both PriCare and Temple's fraud claims are time barred.

The Plaintiffs' conclusory suggestion in paragraphs 47 and 54 that it only recently "discovered" the fraud does not save their untimely fraud claims. (Compl., ¶¶ 47, 54.) To take advantage of the discovery rule, a party must describe with particularity the circumstances surrounding the defendants' fraudulent concealment. *See Waldrup v. Hartford Life Ins. Co.*, 598 F. Supp. 2d 1219, 1227 (N.D. Ala. 2008) (dismissing claims as time barred because plaintiffs made "only generalized allegations to support their claim of concealment. Such generalized references to concealment, without any supporting factual detail, are insufficient"); *Smith v. Nat'l Sec. Ins. Co.*, 860 So. 2d 343, 346 (Ala. 2003) (explaining that a complaint is deficient when it "fails to allege any of the facts or circumstances by which the [defendant] concealed the cause of action or injury . . . [or] allege what prevented [the plaintiff] from discovering facts surrounding the injury.") (quoting

18

*Miller*, 409 So. 2d at 422). Here, the Plaintiffs have failed to allege fraud with particularity, much less the fraudulent concealment. Because the Complaint does not allege facts sufficient to support an application of the discovery rule, this Court should dismiss all of the Plaintiffs' fraud claims as time barred.

### III.  Plaintiffs' claim for unjust enrichment is due to be dismissed because there was an express contract.

Under Alabama law, "the existence of an express contract extinguishes an unjust enrichment claim altogether because unjust enrichment is an equitable remedy which issues only where there is no adequate remedy at law." *Univalor Trust, SA v. Columbia Petroleum, LLC*, 315 F.R.D. 374, 382 (S.D. Ala. 2016) (holding that plaintiff's unjust enrichment claim failed because the plaintiff alleged the existence of an express contract); *Lemoine Co. of Alabama v. HLH Constructors, Inc.*, 62 So. 3d 1020, 1028 (Ala. 2010) ("When an express contract exists, an argument based on a quantum meruit recovery in regard to an implied contract fails.") (quoting *Mantiply v. Mantiply*, 951 So.2d 638, 656 (Ala.2006)); *Vardaman v. Florence City Bd. of Educ.*, 544 So. 2d 962, 964 (Ala. 1989) (concluding that an unjust enrichment claim failed as a matter of law because the plaintiff based his argument on the existence of an express contract). Here, the Plaintiffs allege the existence of an express contract. (Compl., ¶¶ 40–56, 78–81.) In fact, the central allegation of their Complaint is that Stericycle imposed charges that are not authorized by the Parties' contract. (*See* Compl., ¶ 21, 46, 55.) Accordingly, the Plaintiffs' unjust enrichment claim fails as a matter of law and is due to be dismissed.

## **<u>CONCLUSION</u>**

For these reasons, the Court should dismiss the Plaintiffs' claims under the ICFA (Count I), their fraud claims (Counts II–IV), and their claim for unjust enrichment (Count VI). Stericycle requests fourteen (14) days from the date of this Court's order resolving this Motion to Dismiss to answer any remaining claims in the Plaintiffs' Complaint.

Respectfully submitted this the 7th day of August, 2018.

/s/      *Steven C. Corhern*

L. Conrad Anderson IV
Steven C. Corhern
Balch & Bingham LLP
1901 Sixth Avenue North, Suite 1500
Birmingham, AL  35203
Email: canderson@balch.com
          scorhern@balch.com

John W. Naramore
Balch & Bingham LLP
PO Box 78
Montgomery, AL  36101-0078
Email: jnaramore@balch.com

*Attorneys for Stericycle, Inc.*

**<u>CERTIFICATE OF SERVICE</u>**

    I hereby certify that I have electronically filed the foregoing with the Clerk of

the Court using the CM/ECF system which will send electronic notification of this

filing to the below on this the 7th day of August, 2018:

      Edward L. Hardin, Jr.
      Anthony C. Harlow
      Benjamin B. Coulter
      Jacob A. Burchfield
      BURR & FORMAN LLP
      420 North 20th Street, Suite 3400
      Birmingham, AL  35203

                             /s/      *Steven C. Corhern*      
                             Of Counsel